**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **ALFREDO ARIZMENDI,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-720-Y |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Alfredo Arizmendi, TDCJ #1123876, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.  FACTUAL AND PROCEDURAL HISTORY

In February 2002, Arizmendi was charged in three separate indictments with various counts of indecency with a child and aggravated sexual assault of a child in Case Nos. 0828349D, 0828351D, and 0828354D in the Criminal District Court Number Two of Tarrant County, Texas. (1Clerk's R. at 3; 2Clerk's R. at 3; 3Clerk's R. at 3.)[1] On June 28, 2002, Arizmendi waived his right to a jury trial and entered open pleas of guilty to four counts of indecency with a child and one count of aggravated sexual assault of a child, and the trial court ordered preparation of a presentence investigation report (PSI). (1Clerk's R. at 8-15; 2Clerk's R. at 8-15; 3Clerk's R. at 10-17.) Thereafter, on September 13, 2002, after a hearing, the trial court assessed Arizmendi's punishment at twenty years' confinement in each indecency case and forty years' confinement in the aggravated sexual assault case, the sentences to run concurrently.  (1Clerk's R. at 17; 2Clerk's R. at 17; 3Clerk's R. at 19.)

The Second District Court of Appeals affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused Arizmendi's petitions for discretionary review. *Arizmendi v. Texas*, Nos. 2-03-176-CR, 2-03-177-CR & 2-03-178-CR, slip op. (Tex. App.– Fort Worth July 15, 2004) (not designated for publication); *Arizmendi v. Texas*, PDR Nos. 1165-04, 1166-04, & 1167-04. During the pendency of his direct appeals, Arizmendi filed three state applications for writ of habeas corpus, one for each conviction, which the Texas Court of Criminal Appeals dismissed.  *Ex parte Arizmendi*, Application Nos. 56,465-01, 56,465-02 & 56,465-03, at covers.  Following completion of direct review, Arizmendi filed three more state applications for writ of habeas corpus, which the

---

[1] "1Clerk's R." refers to the trial court clerk's record for Case No. 0828349D; "2Clerk's R." refers to the trial court clerk's record for Case No. 0828351D; "3Clerk's R." refers to the trial court clerk's record for Case No. 0828354D.

Texas Court of Criminal Appeals denied without written order. *Ex parte Arizmendi*, Nos. 56,465-04, 56,465-05 & 56,465-06, at covers. Arizmendi filed this petition on November 9, 2005.[2]

### D. ISSUES

In seven grounds, Arizmendi claims (1) his guilty pleas were not made voluntarily and knowingly due to ineffective assistance of trial counsel, (2) his constitutional rights were violated by the state courts' failure to conduct a hearing by affidavit in the state habeas proceeding and by denying his claims without comment and without addressing the merits, and (3) the trial court erred by failing to grant him a hearing on his motion for new trial. (Petition at 8-26.)

### E. RULE 5 STATEMENT

Dretke believes that Arizmendi has sufficiently exhausted his state court remedies as to the claims presented, except for claim (2) enumerated above, and he does not move for dismissal on exhaustion grounds. (Resp't Answer at 2.)

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is

---

[2]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, the statute requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct, unless the applicant rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)  In that situation, a federal habeas court assumes that state court applied the proper clearly established federal law to the facts of the case, express or implied, and then determines whether its decision was contrary to or objectively unreasonable application of that law. *See Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006); 28 U.S.C.A. § 2254(d)(1).

2.  Voluntariness of Pleas/Ineffective Assistance

Arizmendi claims his guilty pleas were not voluntarily and knowingly entered due to counsel's ineffective assistance by (1) failing to object and move to dismiss the indecency offenses from the greater offense because all the charges arose out of the same criminal episode, (2) failing to move to quash the unlawfully handed down indictment, and (3) failing to advise him of the dangers and disadvantages of the PSI report. He claims counsel was ineffective during the punishment phase by (1) failing to present mitigating evidence, and (2) waiving examination and accepting the state's theory of the case.

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). Before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *See United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979)

The record of the plea proceedings in this case does not support Arizmendi's assertion that his pleas were rendered involuntary as a result of one or more of counsel's purported acts or omissions cited above. The reporter's record in conjunction with the documentary records reflect that Arizmendi entered his guilty pleas in open court and was advised by counsel and the trial court

5

of his rights, waivers, the full range of punishment for the offenses, and the fact that the PSI report would be used as a guide in making decisions on punishment. (2Reporter's R. at 4-20.) Arizmendi executed the written plea admonishments in which he acknowledged that he understood the admonishments and was aware of the consequences of his pleas, including the possible punishment, that his pleas were knowingly, freely and voluntarily entered, that he was "totally satisfied" with the representation received from counsel, and that counsel provided fully effective and competent representation. (*Id.* at 72.) *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Further, Arizmendi judicially confessed to committing the offenses as charged in the indictments. (1Clerk's R. at 8-14; 2Clerk's R. at 8-14; 3Clerk's R. at 10-16.) *See Blackledge*, 431 U.S. at 74; *Kelley*, 636 F.2d at 1084. Such representations by a defendant during plea proceedings carry a strong presumption of verity. *Blackledge*, 431 U.S. at 74. Arizmendi's claims, after the fact, unsupported by anything in the record, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same); *Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also*, *e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).

Once a voluntary guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant preceding the plea are waived, including all claims of ineffective assistance of counsel that do not implicate the voluntariness of the guilty plea. *See Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir. 1986); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983);

6

*Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Thus, to the extent Arizmendi complains of counsel's failure to object and move to dismiss the indecency charges, failure to move to quash the indictment, and failure to advise him of the dangers and disadvantages of the PSI report, omissions unrelated to the voluntariness of his pleas, the claims are nonjurisdictional and are waived by the pleas. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *Matthew v. Johnson* 201 F.3d 353, 364 (5th Cir. 2000); *Beasley*, 798 F.2d at 118 & n.1.

To the extent Arizmendi claims counsel was ineffective during the punishment phase, he must demonstrate that the sentence he received would have been "significantly less harsh" but for the deficient performance of his attorney. *See Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir.1993). Among the relevant factors the court must consider are: (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law; (3) the placement of the sentence within the allowable range; and (4) any mitigating or aggravating factors considered by the trier of fact. *Id.* at 88-89. In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Arizmendi claims counsel was ineffective by failing to present mitigating evidence through two additional witnesses, his brother Carlos Arizmendi, who would have testified that he was abused by neighborhood boys when was seven to nine years old, and a friend Richard Arther. He also

7

claims counsel was ineffective by waiving redirect examination of Cathy Alford, Arizmendi's girlfriend at the time of trial, after she falsely testified that Arizmendi had received oral sex from one of the victim's in the case. (Petition at 23-25; Pet'r Reply, Exhibit C.)  Arizmendi raised these claims on direct appeal and in his state habeas application. In each instance, the state courts rejected the claims. Applying the principles above to Arizmendi's ineffective assistance claims, Arizmendi has not demonstrated substandard representation on the part of counsel and/or that there is a reasonable probability that, but for counsel's alleged acts or omissions, his sentence would have been less harsh. He provides no proof, by affidavit or otherwise, to indicate that his brother would have, in fact, testified to Arizmendi's alleged childhood abuse, or what the nature of Arther's testimony would have been. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). The reporter's record reflects only that counsel noted the presence of the two witnesses in court and elicited testimony from Arizmendi's father that if the two were to testify regarding Arizmendi's character, they would testify similarly as to his good character. (3Reporter's R. at 51.)  Absent evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Further, decisions regarding examination of a witness are a matter of trial strategy. *See Strickland*, 466 U.S. at 689.  As noted, such choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690. Nonetheless, even affording credence to Arizmendi's assertion, supported by Alford's affidavit, that Alford testified falsely, in light of Arizmendi's own testimony regarding the details of the offenses, it cannot be said that his sentences would have been less harsh but for counsel's alleged acts or

8

omissions. *See Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Arizmendi admitted to fondling his girlfriend's daughters ages nine and eleven, having the girls fondle him, and performing oral sex on one of the victims. (3Reporter's R. at 16-17.)

### 3. Hearings on Motions For New Trial and State Habeas Applications

Arizmendi claims that the trial court committed reversible error in failing to grant him a hearing on his pro se motion for new trial and that the state courts violated his constitutional rights by not conducting a hearing in the state habeas proceeding in order to enable him to develop a record in support of his ineffective assistance claims. (Petition at 22.) These claims fail to raise a federal constitutional claim. Under state law, a trial court is not required to conduct a hearing on a motion for new trial unless the defendant presents the motion to the trial court. *See* TEX. R. APP. P. 21.6. The state appellate court found that Arizmendi had not presented the motion to the trial court, and, thus, the trial court did not abuse its discretion by not granting Arizmendi a hearing on the motion. *Arizmendi v. Texas*, Nos. 2-03-176-CR, 2-03177-CR & 2-03-178-CR, slip op. at 3-4. A federal court must recognize Texas's application of its own procedural rule and may not re-interpret state law differently on federal habeas review. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000). Similarly, alleged infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001).

### 4. Motion for Evidentiary Hearing

Arizmendi moves this court to hold an evidentiary hearing to resolve the factual issues in his case. (Pet'r Motion for Evidentiary Hearing at 1-15.) If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim

9

unless the claim relies on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's actual innocence. 28 U.S.C. § 2254(e)(2). Arizmendi cannot satisfy the statutory requirements. His claims do not rely on a new rule of constitutional law or on a legal or factual basis that did not exist at the time of the state-court proceedings. 28 U.S.C. § 2254(e)(2)(A)(i)-(ii); *see also Williams v. Taylor*, 529 U.S. 420, 435-36 (2000). Thus, an evidentiary hearing is not warranted.

### 5. Summary

Arizmendi is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. He has not demonstrated that the state courts' adjudication of his claims is contrary to or involves an unreasonable application of clearly established federal law or that the state courts' adjudication of his claims is unreasonable in light of the evidence presented in the state court proceedings.

## II. RECOMMENDATION

Arizmendi's motion for evidentiary hearing and petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

10

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 26, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 26, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June  6 , 2006.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE